IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOMINICK FICARINO FLEET,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. _____ |
| | * | |
| **AIR METHODS CORPORATION** | * | |
| **and ROCKY MOUNTAIN** | * | |
| **HOLDINGS, LLC,** | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Dominick Ficarino Fleet ("Ficarino"), by and through undersigned counsel, and hereby states its claim for declaratory judgment as follows:

**PARTIES**

1. Ficarino is a commercial shrimping corporation with its principal place of business in Bayou La Batre, Alabama.

2. Air Methods Corporation ("Air Methods") is a Delaware corporation with its corporate headquarters located in Englewood, Colorado. Air Methods is qualified to do business within the State of Alabama.

3. Rocky Mountain Holdings, LLC ("Rocky Mountain") is a corporation with its corporate headquarters located in Provo, Utah. Rocky Mountain is a subsidiary of Air Methods. Rocky Mountain is qualified to do business within the State of Alabama.

4. Wallace Ryan ("Ryan") is a citizen of the State of Alabama and a resident of Mobile County.

**JURISDICTION**

5. This is an action for declaratory judgment pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and the *Declaratory Judgment Act*, 28 U.S.C. §§ 2201-02. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1333 (admiralty jurisdiction).

6. The Court has jurisdiction over all parties to this case. As shown below, there exists a justiciable controversy which requires the Court to declare the rights, remedies and liabilities of the parties.

**FACTUAL BACKGROUND**

7. At all material times, Ryan was a commercial shrimper working aboard a fishing trawler owned and operated by Ficarino subject to the benefits of the Jones Act and general maritime law, including the obligation of Ficarino to provide Ryan with maintenance and cure benefits.

8. On May 20, 2010, while engaged in commercial fishing off the coast of Florida, Ryan became ill, requiring medical treatment. The paramedics treating Ryan at George Island, Florida determined that he needed to be transported to the Tallahassee Memorial Regional Hospital by air ambulance. Air Methods/Rocky Mountain was contacted and transported Ryan for hospital treatment by helicopter. Ryan was treated and released shortly thereafter. By invoice dated August 4, 2010, Air Methods/Rocky Mountain charged Ryan the sum of $21,661 as transportation costs.

9. It is the position of Ficarino that the charge asserted by Air Methods/Rocky Mountain was excessive and that, as Ryan's marine employer, it only has the legal obligation to pay those medical expenses which are fair and reasonable. As a result, a dispute has arisen between Ficarino and Air Methods/Rocky Mountain as to the reasonable value of the service provided by Air Methods/Rocky Mountain on May 20, 2010.

10. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A judicial declaration is necessary and appropriate at this time so that Ficarino may ascertain its duties to Ryan under the general maritime law to pay the reasonable and necessary medical treatment to Ryan relating to injuries or illnesses during the course of employment.

11. Ficarino respectfully requests that the Court assume jurisdiction over this cause and determine the fair and reasonable amount owed to Air Methods for its services made the basis of this declaratory judgment action.

WHEREFORE, the premises considered, Ficarino respectfully requests the Court grant the following relief:

(a) To enter an Order determining the appropriate amount owed by Ficarino to Air Methods/Rocky Mountain as a fair and reasonable payment for the services rendered on May 20, 2010.

(b) To enter an Order declaring that Ficarino is not responsible for any amount asserted by Air Methods/Rocky Mountain deemed to be excessive or unreasonable by the Court.

      (c)    To grant Ficarino such other, further and different relief as may be warranted.

Respectfully Submitted,

/s/ Donald C. Radcliff
DONALD C. RADCLIFF (RAD003)
dradcliff@brblawyers.com
Attorney for Plaintiff

OF COUNSEL:

BRADY RADCLIFF & BROWN LLP
Post Office Box 1668
Mobile, Alabama 36633-1668
Telephone     251.405.0077
Facsimile     251.405.0076

DEFENDANTS MAY BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Air Methods Corporation
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104

Rocky Mountain Holdings, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104