# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DOMINICK FICARINO FLEET,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0172-WS-N |
| | ) |
| **AIR METHODS CORPORATION, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This matter is before the Court on the defendants' motion to dismiss. (Doc. 8). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 9, 21, 22), and the motion is ripe for resolution.

According to the complaint, (Doc. 1), non-party Wallace Ryan was employed by the plaintiff as a seaman aboard its fishing vessel when he became ill. After he was transported to land, Ryan was moved by helicopter to a Tallahassee hospital. The defendants provided the air transport services and have charged Ryan over $21,000 for their services. According to the plaintiff's brief, the reasonable value of the defendants' services lies somewhere south of $10,000. (Doc. 21 at 3).

The plaintiff brought this lawsuit against the defendants as a declaratory judgment action. According to the complaint, the plaintiff, as Ryan's maritime employer, has the legal obligation to pay as cure only those amounts that are fair and reasonable. Because the plaintiff and the defendants disagree as to what amount is fair and reasonable, the plaintiff seeks a declaration establishing a fair and reasonable payment and absolving the plaintiff of responsibility to pay any greater amount. (Doc. 1 at 2-3).

The defendants raise a number of arguments, but one is dispositive. The complaint grounds subject matter jurisdiction on federal question and admiralty, (Doc. 1 at 2), but the plaintiff has established neither. *See generally Sweet Pea Marine, Ltd. v.*

*APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.").[1]

The plaintiff makes no effort to show that its claim falls within federal question jurisdiction. A cause of action may arise under federal law in any of three situations: (1) federal law "creates the plaintiff's cause of action," *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983); (2) "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," *id*. at 13; or (3) "a federal cause of action completely preempts a state cause of action." *Id*. at 24. The second and third of these founts do not exist because the plaintiff asserts no state claim. The first fount does not exist because, while federal law creates the plaintiff's duty to pay cure to or for Ryan, it has not been shown to create a cause of action to force a provider to accept a lowered amount of compensation. Whatever arguments to the contrary might have been made, the plaintiff has not raised them. As the party with the burden of establishing jurisdiction, the plaintiff's failure is fatal.

The federal courts have original jurisdiction over cases of admiralty or maritime jurisdiction. 28 U.S.C. § 1333. The plaintiff argues that admiralty jurisdiction exists because the defendants, before suit was filed, threatened to arrest the vessel under Supplemental Admiralty Rule C. Because an arrest presupposes a maritime lien, the plaintiff extrapolates that the defendants have admitted they have a maritime lien. Because an action to enforce a maritime lien implicates admiralty jurisdiction, the plaintiff concludes that its suit to partially defeat payment to the defendants also falls within admiralty jurisdiction. (Doc. 21 at 3-7).

---

[1] The action is brought pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, but invoking that statute does not of itself implicate original jurisdiction. Rather, the Act requires that the plaintiff "allege facts showing that the controversy is within the court's original jurisdiction." *Household Bank v. Group*, 320 F.3d 1249, 1253 (11th Cir. 2009). That is, there must be "an underlying ground for federal court jurisdiction." *Id*.

By threatening to have the vessel arrested, the defendants have not admitted the existence of a maritime lien. At any rate, subject matter jurisdiction cannot be concocted by the parties when it does not in fact exist. *E.g., Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983) ("[I]t is well established that subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties."). Thus, the plaintiff is required to show that the defendants in fact have a maritime lien for their services. This it has failed to do.

A maritime lien arises for "providing necessaries to a vessel on the order of the owner or a person authorized by the owner." 46 U.S.C. § 31342(a). According to the complaint, as confirmed by the plaintiff's brief and the parties' exhibits, the vessel was engaged in fishing operations off the coast of Apalachicola when Ryan experienced severe chest pains. The captain called 911, and Ryan was transported from the vessel to St. George Island by a government boat. Once on land, he was attended by paramedics. The paramedics determined that he needed to be transported by air to a Tallahassee hospital, and the defendants were summoned. They entered a contract with Ryan for transport and later billed Ryan for their services. (Doc. 1 at 2; Doc. 9, Exhibit 1; Doc. 21 at 2 & Exhibit 2).

While "[t]he term 'necessaries' has been liberally construed to include … goods or services that are useful to the vessel, keep her out of danger, and enable her to perform her particular function," and while "[n]ecessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged,"[2] the plaintiff cites no case for the proposition that medical transportation services provided an ill crewman – not from the vessel but from land, after the vessel's involvement has ended – constitute necessaries under this or any other definition of the term. The cases on which the plaintiff relies involved transporting active crew members

---

[2] *In re: Container Applications International, Inc.*, 233 F.3d 1361, 1363 n.3 (11th Cir. 2000) (internal quotes omitted).

to and from the vessel and transporting a captain to a meeting to secure credit in order to avoid arrest of the vessel – situations in which the vessel's function patently was furthered.

Moreover, there is no indication that the vessel's owner or authorized representative ordered the air transportation services. Instead, the record reflects that the paramedics summoned the defendants and that they dealt with Ryan, not the vessel or any representative of the vessel.

The plaintiff has not met its burden of establishing the existence of subject matter jurisdiction. Accordingly, this action must be dismissed. The defendants seek dismissal with prejudice, (Doc. 8 at 1; Doc. 9 at 10), but they have not shown that the plaintiff should be foreclosed from pursuing relief in an appropriate forum. *See Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc*., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

For the reasons set forth above, the defendants' motion to dismiss is **granted in part**. This action is **dismissed without prejudice** for want of subject matter jurisdiction. To the extent the defendants seek dismissal with prejudice, the motion is **denied**.

DONE and ORDERED this 24th day of June, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE